IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK MANASSE, | ) | |
|     Petitioner, | ) | Case No. 7:21-cv-00421 |
| v. | ) | |
| | ) | |
| WARDEN, USP LEE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Mark Manasse, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Manasse challenges the validity of a federal sentence imposed by the United States District Court for the District of New Jersey. The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 10. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, the court will grant the respondent's motion and dismiss the petition.

**I.    BACKGROUND**

On March 2, 2012, a federal grand jury in the District of New Jersey returned a multi-count superseding indictment against Manasse and seven co-defendants. See Indictment, United States v. Manasse, 2:11-cr-768 (D.N.J. Mar. 12, 2012), Crim. Dkt. No. 149.[1] On January 7, 2013, Manasse entered a plea of guilty to Count One of the superseding indictment, which charged him with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. In exchange for his

---

[1] All further docket references (Dkt. No.) in this section refer to the docket in the underlying criminal and post-conviction proceedings.

guilty plea, the government agreed to dismiss the remaining charges. Plea Agmt., Crim. Dkt. No. 194, at 1.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR"). The probation officer determined that Manasse was responsible for at least 280 grams of cocaine base, which corresponded to a base offense level of 32 under the 2012 version of § 2D1.1(c)(4) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Presentence Report, ECF No. 11-1, at 22. The probation officer also applied a two-level enhancement for using or threatening to use violence, a four-level role enhancement, and a three-level reduction for acceptance of responsibility, which produced an adjusted offense level of 35. Id. Additionally, the probation officer determined that Manasse qualified as a career offender under U.S.S.G. § 4B1.1 based on prior state convictions for conspiracy to violate narcotic laws and eluding police officers.[2] Id. at 22, 25–26. Application of the career-offender enhancement increased Manasse's criminal history category from V to VI and would have otherwise resulted in an adjusted offense level of 34 under U.S.S.G. § 4B1.1(b)(1). Id. at 22, 29. Based on the higher adjusted offense level of 35 and a criminal history category of VI, the probation officer calculated a Guidelines range of imprisonment of 292 to 365 months. Id. at 37.

During the sentencing hearing on July 23, 2013, Manasse objected to the enhancements applied by the probation officer and argued that he did not qualify for sentencing as a career

---

[2] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

2

offender. See Manasse v. United States, No. 2:15-cv-04153, 2016 U.S. Dist. LEXIS 127703, at *8 (D.N.J. Sept. 19, 2016) (summarizing the criminal proceedings). The district court overruled Manasse's objections and sentenced him to a term of imprisonment of 325 months. Id.

Manasse appealed his sentence to the United States Court of Appeals for the Third Circuit. In April 2014, the Third Circuit granted the government's motion to enforce the appellate waiver contained in the plea agreement and summarily affirmed the criminal judgment. Id.

In July 2015, Manasse moved to vacate his sentence under 28 U.S.C. § 2255. The district court appointed counsel to represented Manasse, and the parties appeared for an evidentiary hearing on April 28, 2016. Id. at *9. During the hearing, Manasse withdrew all of his claims with the exception of the claim in which he asserted that trial counsel provided ineffective assistance in relation to his guilty plea. Id. On September 19, 2016, the district court issued a written decision denying the motion. Id. at *23.

Manasse subsequently filed a motion for reconsideration in which he argued that the district court erred in failing to consider his claim that "trial counsel had been ineffective for failing to raise a claim under Johnson v. United States, [576 U.S. 591,] 135 S. Ct. 1551 (2015), challenging his career offender status."[3] Manasse v. United States, No. 15-4153, 2016 U.S. Dist. LEXIS 169039, at *2 (D.N.J. Dec. 7, 2016). On December 7, 2016, the district court denied the motion for reconsideration. The district court explained that Manasse was present

---

[3] In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" is unconstitutionally vague. Johnson, 576 U.S. at 593, 606. At the time of Manasse's sentencing, the Guidelines defined the term "crime of violence" in a manner "substantively identical" to the definition of a "violent felony" in the ACCA. United States v. Jarmon, F.96 F.3d 228, 231 n.* (4th Cir. 2010).

3

during the evidentiary hearing when his counsel affirmed that he was waiving all other claims and that Manasse did not seek to retract that waiver during the period between the hearing and the issuance of the decision on the § 2255 motion. Id. at *7. Additionally, since Johnson was not decided until 2015, the district court held that "trial and appellate counsel could not be ineffective in failing to raise such a claim at the time of [Manasse's] trial and direct appeal." Id. at *11.

On February 14, 2017, the Third Circuit denied Manasse's application for a certificate of appealability. Order, Manasse v. United States, No. 2:15-cv-04153 (D.N.J. Feb. 14, 2017), Dkt. No. 27. With respect to Manasse's Johnson-based claim, the Court of Appeals held that Manasse failed to show that Johnson "presented an intervening change in law or that he did not knowingly withdraw his Johnson-related ineffectiveness claim." Id.

On August 11, 2020, Manasse, through counsel, applied for authorization from the Third Circuit to file a second § 2255 motion challenging the application of the career-offender provision in light of the Supreme Court's decisions in Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See Application, In re Manasse, No. 20-2624 (3d Cir. Aug. 11, 2020), Dkt. No. 1. On September 8, 2020, the Third Circuit denied the application, explaining as follows:

> Petitioner relies on Johnson v. United States, 135 S. Ct. 2551 (2015), and the application of Johnson in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and seeks to challenge his designation as a career offender under the advisory Sentencing Guidelines. Johnson, however, does not apply to such a challenge. Beckles v. United States, 137 S. Ct. 886, 892 (2017).[4] Because Johnson does not substantiate Petitioner's claims, he does not satisfy 28 U.S.C. § 2255(h)(2). See In re Hoffner, 870 F.3d 301, 309 (3d Cir. 2017).

---

[4] In Beckles, the Supreme Court declined to extend the reasoning of Johnson to the advisory Guidelines, holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 136 S. Ct. at 890.

4

> To the extent Petitioner otherwise contends that he does not qualify as a career offender, his claim does not rely on newly discovered evidence or a new rule of constitutional law as required by § 2255(h).

Order, In re Manasse, No. 20-2624 (3d Cir. Sept. 8, 2020), Dkt. No. 3.

Manasse is presently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 23, 2021. Relying on various Supreme Court and appellate court decisions, including Johnson, Manasse argues that his prior convictions "no longer trigger career offender treatment" under § 4B1.1 of the Guidelines. Mem. Supp. Pet., ECF No. 1-1, at 13. Manasse also argues, based on the Fourth Circuit's decision in United States v. Norman, 935 F.3d 232 (4th Cir. 2019), that his offense of conviction no longer qualifies as a "controlled substance offense" for purposes of § 4B1.1. Pet's Reply Br., ECF No. 16, at 3; see also United States v. Lancaster, 997 F.3d 171, 176 (4th Cir. 2021) ("While at the time of his sentencing Lancaster's instant offense—conspiracy to traffic in crack cocaine and cocaine powder, in violation of 21 U.S.C. § 846—was considered to be a controlled substance offense, that is no longer the case.") (citing Norman, 935 F.3d at 237–39). Based on these arguments, Manasse contends that his sentence "should be vacated for resentencing without the career offender enhancement." Mem. Supp. Pet. at 38.

On December 17, 2021, the respondent moved to dismiss the petition for lack of jurisdiction. ECF No. 10. The motion has been fully briefed and is ripe for disposition. ECF Nos. 11 and 16.

## II. DISCUSSION

When a prisoner seeks to challenge the validity of a federal conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–26 (4th Cir. 2018). Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal sentence. Id.

"In evaluating a § 2241 petition brought pursuant to the savings clause, [the court must] consider Fourth Circuit procedural law but the substantive law of the circuit in which the petitioner was convicted." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021) (citing Hahn, 931 F.3d at 300–01). In Wheeler, the Fourth Circuit established a test for determining when the savings clause may be used to challenge a federal criminal sentence. The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). If any one of the requirements is not satisfied, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Id. at 425.

Having considered Manasse's arguments, the court concludes that his petition fails to satisfy the fourth prong under Wheeler. Even assuming that Manasse would no longer qualify as a career offender if he were sentenced today, the sentence imposed in his case does not "present[] an error sufficiently grave to be deemed a fundamental defect." Id. at 429.

In United States v. Foote, 784 F.3d 942 (4th Cir. 2015), the Fourth Circuit "distinguished a misapplied career enhancement from fundamental defects such as 'sentences issued in excess of the maximum authorized by law.'" Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (quoting Foote, 784 F.3d at 942). Since there was "no dispute that [the defendant's] sentence did not exceed the statutory maximum," the Court concluded that the alleged Guidelines error did "not rise to the level of a 'fundamental' defect." Foote, 784 F.3d at 943. The Fourth Circuit has since reaffirmed that "a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.'" Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020) (quoting Foote, 784 F.3d at 931, 932, 941). Other courts, including the Third Circuit, have reached the same conclusion. See United States v. Folk, 954 F.3d 597, 605 (3d Cir. 2020) (holding that "an incorrect career-offender designation that results in a sentence within the statutory maximum is not a fundamental defect inherently resulting in a complete miscarriage of justice").

Here, it is undisputed that Manasse's 325-month sentence does not exceed the statutory maximum for his offense. See 21 U.S.C. § 841(b)(1)(A) (authorizing a sentence of ten years to

7

life imprisonment in the case of a violation involving 280 grams or more of a mixture or substance containing cocaine base). Because Manasse was sentenced under the advisory Guidelines, the alleged error in the application of the career-offender provision "does not rise to the level of a 'fundamental' defect." Foote, 784 F.3d at 943. As a result, Manasse is unable to satisfy the fourth prong of the Wheeler test, and the court lacks jurisdiction over his petition.

### III.     CONCLUSION

For the reasons stated herein, the court concludes that Manasse cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **GRANTS** the respondent's motion to dismiss and **DISMISSES** Manasse's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: February 14, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.02.14 18:12:35
-05'00'

Michael F. Urbanski
Chief United States District Judge